Howard J. Russell, Esq.
Nevada Bar No. 8879
HRussell@wwhgd.com
Ryan T. Gormley, Esq.
Nevada Bar No. 13494
RGormley@wwhgd.com
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, NV 89118
Telephone: (702) 938-3838

Amy Churan *(Pro Hac Vice Forthcoming)*
AChuran@robinskaplan.com
Christina M. Lincoln *(Pro Hac Vice Forthcoming)*
CLincoln@robinskaplan.com
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067-3208
Telephone: (310) 552-0130

*Attorneys for Defendants Factory Mutual Insurance Company and Affiliated FM Insurance Company*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA RESTAURANT SERVICES, INC. DBA DOTTY'S, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FACTORY MUTUAL INSURANCE COMPANY, dba FM GLOBAL, a Rhode Island corporation; AFFILIATED FM INSURANCE COMPANY; a Rhode Island Corporation; JEFFEREY ZEBARTH, an individual; PATRICK LANGIN, an individual; DOES I through X; and ROE Business Entities I through X,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS FACTORY MUTUAL INSURANCE COMPANY'S AND AFFILIATED FM INSURANCE COMPANY'S NOTICE OF REMOVAL**<br><br>**UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendants Factory Mutual Insurance Company ("Factory Mutual") and Affiliated FM Insurance Company ("Affiliated FM") (collectively "FM"), pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, hereby remove this case from the Eighth Judicial District Court for Clark

1

County, Nevada to the United States District Court for the District of Nevada. In support of this Notice, FM states the following:

## STATE COURT ACTION

1. On May 31, 2022, plaintiff Nevada Restaurant Services, Inc. dba Dotty's ("Plaintiff" or "NRS") filed an unverified complaint for breach of contract, contractual breach of implied covenant of good faith and fair dealing, and tortious breach of implied covenant of good faith and fair dealing against FM. Plaintiff alleged a sole cause of action for negligent misrepresentation against individual defendants Jefferey [sic] Zebarth ("Zebarth") and Patrick Langin ("Langin") ("Complaint") in the Eighth Judicial District Court for Clark County, Nevada, Case No. A-22-853365-C (the "State Court Action").

2. The Complaint alleges that FM provided a property insurance policy number SHO82 to NRS for the August 8, 2018 to August 8, 2019 policy period ("Policy"). NRS made an insurance claim for alleged damage caused by a windstorm on August 11, 2018 to Laughlin River Lodge Hotel & Casino at 2700 South Casino Drive in Laughlin, Nevada (the "Property" and the "Claim"). NRS alleges that FM breached its obligations to NRS by failing to pay for certain costs to repair and/or replace the Property. NRS now seeks damages and other relief.

3. Factory Mutual and Affiliated FM were served on June 10, 2022. Defendants Zebarth and Langin were served on June 6, 2022 and June 7, 2022, respectively.

4. The following constitutes all of the available process, pleadings, and orders served on or by FM in the State Court Action as of the time of the filing of this removal (and the dates of filing). True and correct copies of the following documents are attached hereto:

    a. Complaint and Jury Demand, May 31, 2022 (Exhibit 1)

    b. Summons and Affidavit of Service of Jeffrey Zebarth, June 8, 2022 (Exhibit 2)

    c. Summons and Affidavit of Service of Patrick Langin, June 8, 2022 (Exhibit 3)

    d. Notice of Department Reassignment, June 10, 2022 (Exhibit 4)

    e. Summons and Affidavit of Service of Affiliated FM Insurance Company, June

2

14, 2022 (Exhibit 5)

    f. Summons and Affidavit of Service of Factory Mutual Insurance Company, June 14, 2022 (Exhibit 6)

    g. Proof of Service to Nevada Commission of Insurance, June 21, 2022 (Exhibit 7)

    h. Notice of Appearance of Factory Mutual Insurance Company and Affiliated FM Insurance Complaint, June 24, 2022 (Exhibit 8)

    i. Peremptory Challenge of Judge, June 24, 2022 (Exhibit 9)

    j. Notice of Department Reassignment, June 27, 2022 (Exhibit 10)

    k. Stipulation and Order to Extend Time to Respond to Complaint, June 29, 2022 (Exhibit 11)

    l. Notice of Entry of Stipulation and Order to Extend Time to Respond to Complaint, July 1, 2022 (Exhibit 12)

5. FM has not taken any action to submit the merits of its defense for a binding decision from the State Court Action, nor has it otherwise waived the right to remove this action.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the properly joined parties are of diverse citizenship, the amount in controversy requirement is met, and all of the other requirements for removal have been satisfied.

### DIVERSITY OF CITIZENSHIP AMONG PROPERLY-JOINED PARTIES

7. NRS is a Nevada corporation with its principal place of business in Clark County, Nevada. Based on information publicly available, FM alleges on information and belief that NRS is a citizen of Nevada for purposes of federal diversity jurisdiction.

8. Factory Mutual and Affiliated FM are both insurance companies organized under the laws of Rhode Island, with their principal places of business in Johnston, Rhode Island. Therefore, Factory Mutual and Affiliated FM are both citizens of Rhode Island for the purposes of federal diversity jurisdiction.

/ / /

9.  The parties identified in the Complaint as "Does I-X" and "Roe Business Entities I-X" are fictitious parties whose citizenship shall be disregarded for the purpose of removal. 28 U.S.C. § 1441(b)(1) ("For purposes of removal under this Chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

10. Based on information and belief, NRS is a citizen of a different state than Factory Mutual and Affiliated FM and, therefore, there is complete diversity of citizenship.

**FRAUDULENTLY-JOINED PARTIES DO NOT DEFEAT DIVERSITY**

11. Plaintiff NRS named Zebarth and Langin as Defendants under a theory of negligent misrepresentation. Upon information and belief, both Zebarth and Langin are individuals that reside in the state of Nevada. The residency and citizenship of these two Defendants, however, is irrelevant as they have been fraudulently joined in this case.

12. Where a non-diverse defendant has been fraudulently joined, its presence does not preclude removal. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). The fraudulent joinder of a non-diverse defendant can be established by showing the plaintiff cannot prevail on its claims against the non-diverse defendant in state court. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018); *see also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (joinder of a resident defendant is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]"). Here, FM asserts NRS cannot state a cause of action against Zebarth or Langin.

13. **Negligent Misrepresentation.** The only cause of action asserted against Zebarth and Langin is negligent misrepresentation. To state a claim of negligent misrepresentation under Nevada law, a plaintiff must allege six elements: (1) that a defendant made a false representation; (2) that the representation was made in the course of the defendant's business or in any action in which he had a pecuniary interest; (3) the representation was for the guidance of others in their business transactions; (4) the representation was justifiably relied upon by the plaintiff; (5) that such reliance resulted in pecuniary loss to the plaintiff; and (6) that the defendant failed to exercise

reasonable care or competence in obtaining or communicating the information. *See Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1153 (Nev. 2013) (noting that Nevada has adopted the RESTATEMENT (SECOND) OF TORTS § 552's definition of negligent misrepresentation).

14. The Complaint does not contain allegations identifying Zebarth's or Langin's role with respect to the Claim, save for the allegation that they "were tasked with investigating Plaintiff's Loss under the Policy and make [sic] findings about Plaintiff's Claim." (Complaint at ¶ 16.) In fact, Langin is an independent adjuster retained by FM[1] to assist FM with the Claim investigation in the first few months after FM was given notice of the loss in August of 2018. Zebarth is a building and construction cost consultant retained by FM to advise FM with respect to the repair of certain alleged property damage submitted by NRS as part of the Claim.

15. Without supporting factual allegations, NRS concludes that the elements of its negligent misrepresentation claims have been met. (Complaint at ¶¶ 44-51.) Finding fraudulent joinder is proper where a complaint relies on conclusory statements because there is "no possibility" that a state court would find that a cause action has been stated against a party without factual support. *See, e.g., Johnson v. United Servs. Auto. Ass'n*, No. 222CV532JCMDJA, 2022 WL 2134492, at *3, fn 1 (D. Nev. June 13, 2022) (finding bare allegation that non-diverse defendant was "alter ego" of co-defendant, without specific allegations of the non-diverse defendant's actions, was insufficient to grant remand after removal based on fraudulent joinder); *see also Hay v. Hay*, 678 P.2d. 672, 674 (Nev. 1984) (explaining Nevada is a notice-pleading state and a "complaint must set forth sufficient facts to establish all necessary elements of a claim for relief[.]").

16. Essentially, NRS is alleging that Langin and Zebarth did not exercise reasonable care in investigating the scope and extent of the claimed property damage and, thus,

---

[1] For ease of reference, Factory Mutual and Affiliated FM are referred to collectively in this Notice as FM. However, the Policy was issued to NRS by Affiliated FM, a wholly separate entity from Factory Mutual. Thus, Affiliated FM conducted adjustment activities, including retention of Langin and Zebarth, and made payment decisions regarding the Claim. Neither Affiliated FM nor Factory Mutual intends to waive the argument that Factory Mutual is not a proper Defendant in this lawsuit.

misrepresented the scope and extent of the damage to FM and NRS, which resulted in FM underpaying the amount of coverage allegedly owed for the Claim. This negligent misrepresentation claim is inherently defective and NRS cannot cure the defects by amending the Complaint. NRS cannot establish all of the elements of negligent misrepresentation and, even if it could, Nevada law otherwise precludes recovery.

17. With regard to the fourth element for establishing negligent misrepresentation, NRS cannot show it relied on any alleged misrepresentations by either Langin or Zebarth regarding the claimed property damage. NRS would have to show it believed the alleged misrepresentations and acted or refrained from acting in reliance on the truth of the misrepresentations. *See* RESTATEMENT (SECOND) OF TORTS § 537 (1977). While FM issued three separate payments to NRS for the *undisputed* portions of the Claim, NRS never agreed with FM's measurement of the covered loss. In fact, after sending NRS a letter advising of FM's gross loss measurement, FM was notified in March of 2019 that NRS retained a public adjusting firm to evaluate the property damage and advocate the Claim on NRS's behalf. The fact that NRS filed this lawsuit further demonstrates the fact that NRS did not rely on Langin's or Zebarth's alleged misrepresentations regarding the scope of damage. *See Feizbakhsh v. Travelers Commercial Ins. Co.*, No. LA CV16-02165 JAK (Ex), 2016 WL 8732296, *8-9 (C.D. Cal. Sept. 9, 2016) (finding adjuster was fraudulently joined where insured plaintiffs alleged negligent misrepresentation against adjuster but retained their own consultants and disputed the payments made by the insurer, demonstrating they did not rely on the adjuster's alleged statements) (denying motion to remand and dismissing the adjuster as a party to the action).

18. Even if NRS could show it relied on any alleged misrepresentations, a state court could not find that such reliance was *justified*, as required for the fourth element. In Nevada, a plaintiff's due diligence regarding the condition of physical property precludes justifiable reliance, and the plaintiff is deemed to have relied on its own judgment when the alleged physical property is independently investigated on plaintiff's behalf by experienced persons (such as public adjusters) and the alleged falsity/misrepresentation is apparent from the investigation. *See*

6

*Integrated Fin. Assocs., Inc. v. KB Home Nevada Inc.*, 385 P.3d 580 (Nev. 2016) (affirming summary judgment for the defendant because the plaintiff could not show "justifiable reliance" in support of its negligent misrepresentation and fraudulent inducement claims). NRS owned the Property at issue (and, thus, control over it), had superior knowledge about the Property itself and the damage the windstorm allegedly caused, and independently investigated the damage with assistance from its public adjuster, who inspected the Property and *disagreed* with FM's findings regarding the scope and extent of damage. As well, according to the Complaint, Langin and Zebarth did not have reasonable grounds for believing their own representations of the scope and extent of damage were true, demonstrating that it is NRS's position that the misrepresentations regarding the damage were apparent upon inspection of the Property. (*See* Complaint at ¶ 47.)

19. Moreover, even if NRS could show it justifiably relied on any alleged misrepresentations, NRS cannot show the fifth element for negligent misrepresentation requiring that the reliance resulted in its pecuniary loss. NRS alleges it was damaged by Zebarth's and Langin's misrepresentations "because it resulted in bad faith conduct by Plaintiff's insurers, denied coverage, and/or underpayment of their Claim, and/or delay of payment of all claims, unreasonable and/or without proper cause by [FM]." (Complaint at ¶ 49.) In short, the pecuniary loss at issue is FM's alleged failure to pay all amounts allegedly due under the Policy. There is no basis for a state court to find that *NRS's own reliance* on Zebarth's or Langin's alleged misrepresentations resulted in *FM's failure* to pay all amounts allegedly due under the Policy.

20. **Economic Loss Doctrine.** Notwithstanding the elements of negligent misrepresentation, Nevada law precludes NRS from recovering against Zebarth and Langin. For instance, NRS's recovery for its negligent misrepresentation claim is barred by the economic loss doctrine. In Nevada, where a plaintiff seeks only economic losses, negligent misrepresentation claims are barred when the plaintiff has available remedies under a contract theory. *See Halcrow, Inc. v. Eighth Jud. Dist. Ct.*, 302 P.3d 1148, 1153 (Nev. 2013), *as corrected* (Aug. 14, 2013) (Only when a plaintiff can articulate "strong countervailing considerations [that] weigh in favor of imposing liability … where there is a significant risk that the law would not exert significant

financial pressures to avoid such negligence" will a court permit negligent misrepresentation claims in cases that assert purely economic losses) (internal quotations omitted) (*citing Terracon Consultants Western, Inc. v. Mandalay Resort Group*, 206 P.3d 81, 88 (Nev. 2009)). Here, NRS is seeking only economic damages, all of which arise out of the contractual relationship between NRS and FM via the Policy. In other words, imposing tort liability against FM's agents is not necessary to make NRS whole. *See Nev. Power Co. v. Trench France, S.A.S.*, No.: 2:19-cv-01252-JAD-VCF, 2020 WL 6689340, at *6 (D. Nev. Nov. 12, 2020) (finding a negligent misrepresentation claim barred by the economic loss doctrine where plaintiff had adequate remedy under contract law theory).

21. **Statute of Limitations.** NRS cannot recover for negligent misrepresentation against Langin because the claim is barred by the statute of limitations. In Nevada, negligent misrepresentation claims are subject to a two-year statute of limitations when the claim sounds in tort, and a three-year statute of limitations when the claim sounds in fraud. *Meredith v. Weilburg*, No. 3:13-CV-00277-RCJ, 2013 WL 5658181, at *5 (D. Nev. Oct. 15, 2013), *citing* N.R.S. 11.190(3)(d), (4)(e). Langin's adjusting role was limited to the early stages of the Claim. Another adjuster took over the role prior to May 31, 2019 (three years before the suit was filed) and NRS discovered or should have discovered facts supporting its negligent misrepresentation claim against Langin prior to May 31, 2019. Therefore, NRS's claim against Langin is time-barred and his citizenship should be disregarded for purposes of diversity jurisdiction. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-20 (9th Cir. 1998) (finding defendants fraudulently joined because plaintiff could not state a cause of action against them due to the statute of limitations) (granting motion to dismiss with prejudice based on the economic-loss-doctrine).

22. **Restatement of Torts § 552.** NRS's claim for negligent misrepresentation against Zebarth is further precluded by Nevada law for a separate reason. Under the Restatement section adopted by Nevada courts, Zebarth cannot possibly be held liable to NRS for negligent misrepresentation because the "rule stated in this Section subjects the negligent supplier of misinformation to liability only to those persons for whose benefit and guidance it is supplied."

RESTATEMENT (SECOND) OF TORTS § 552 cmt. h (1977); *see also Counter Wraps Int'l, Inc. v. Diageo North America, Inc., et al.*, No. 2:16-CV-2924 JCM (CWH), 2018 WL 11282631, at *5 (D. Nev. Sept. 24, 2018) (stating the Nevada Supreme Court would likely resolve negligent misrepresentation questions in accordance with Section 552). Zebarth is a building consultant retained by FM to advise FM regarding certain property damage identified by NRS's public adjuster; the work done by Zebarth was for FM's benefit. Thus, Zebarth could be liable to *FM* for negligent misrepresentation, but not to NRS.

23. **Lack of Factual Allegations.** NRS's vague allegations of secondary liability (at "all relevant times, each Defendant aided and abetted each other Defendant" and at "all relevant times, each Defendant was the co-conspirator of each other Defendant") cannot avoid a finding of fraudulent joinder. (Complaint at ¶¶ 6-7.) Specifically, a state court could not find Zebarth or Langin liable because the Complaint is completely devoid of any facts supporting either theory. (*See* ¶ 15, *supra*.)

24. **Agency Immunity Rule.** Recovery from Zebarth and Langin is precluded by the fact that they acted within the scope of their agency, as repeatedly acknowledged in the Complaint. (Complaint at ¶¶ 5, 45, 47.) Under Nevada law, a corporation cannot conspire with its agents if those agents are acting within the course and scope of their agency. *See Kwiatkowski v. Hartford Fire Ins. Co.*, No. 208CV00730BESLRL, 2009 WL 10679299, at *3 (D. Nev. Jan. 29, 2009) (dismissing complaint against agents of insurance company because the agents "had no separate legal existence from" the insurer when the alleged tort occurred, making it "impossible for a civil conspiracy to lie") (*citing Collins v. Union Fed. Savings and Loan Ass'n*, 662 P.2d 610, 622 (Nev. 1983) (also refusing to recognize a cause of action for civil conspiracy arising out of the actions of a principal's agents between themselves)).

25. The same agency-immunity rule "is equally applicable where the theory of liability is aiding and abetting[; t]hat is, just as a principal cannot conspire with itself, a principal cannot aid and abet itself." *Villains, Inc. v. American Economy Ins. Co.*, 870 F. Supp. 2d 792, 796 (N.D. Cal. 2012) (finding that CPA retained by insurer to assist in investigation of a claim was

fraudulently joined where complaint alleged the CPA aided and abetted the insurer in breaching the policy and acting in bad faith); *see also O'Brien v. Progressive Direct Ins. Co*., No. 2:20-CV-1901 JCM (NJK), 2021 WL 2301928 (D. Nev. June 4, 2021) (noting that when Nevada has not addressed an issue, courts look to California case law for guidance, and holding that adjuster was fraudulently joined in lawsuit against insurer where plaintiff insured claimed the adjuster was grossly negligent and acted with reckless disregard with respect to the claim).

26. In sum, for the reasons stated above, a Nevada state court could not find that the Complaint states a cause of action against resident Defendants Zebarth and Langin and, therefore, their citizenship should be disregarded for purposes of determining diversity jurisdiction.

## AMOUNT IN CONTROVERSY

27. Although the Complaint alleges only that the resulting damages are in excess of $50,000 (exempting the case from arbitration), and in excess of $15,000 with respect to each of the four causes of action (as permitted by Nevada's Rules of Civil Procedure), the amount in controversy exceeds $75,000 exclusive of interest and costs. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish it is "more likely than not" that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 403-04 (9th Cir. 1996); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014) (stating a defendant's allegation of the amount-in-controversy in a notice of removal should be accepted when not contested by the plaintiff and, if contested, the parties may submit proof for the court's consideration).

28. The Complaint does not describe the coverage dispute between NRS and FM except to state that the Property was severely damaged by a windstorm and FM has failed to pay all benefits for the loss. The Complaint also attaches the Policy, which contains a $400,000,000 limit of liability for any one occurrence.

/ / /

/ / /

10

29. Based on information provided by NRS to FM prior to NRS filing this lawsuit, NRS is seeking payment for property damage in excess of $7.4 million for items including, but not limited to, roof replacement and glazing system repair and replacement. This amount does not include items of claimed property damage not yet quantified. In addition to unpaid Policy benefits, NRS is also seeking to recover punitive damages. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). Therefore, the amount in controversy exceeds the minimum jurisdictional requirement. FM will make this information available if requested by the Court or otherwise necessary.

**TIMELINESS**

30. This notice of removal is timely because FM filed it within thirty days of being served with the Complaint. *See* 28 U.S.C. § 1446(b)(1).

**VENUE**

31. Venue in this Court is proper. Actions are removable from a state court to the district court that encompasses the county where the action was filed. *See* 28 U.S.C. §1446(a).

**NOTICE**

32. FM is concurrently filing a Notice of Filing of Notice of Removal, together with this Notice and its supporting documents, with the Clerk of the State Court Action, in accordance 28 U.S.C. § 1446(d). The same is being provided to NRS, Langin and Zebarth.

**RESERVATION OF RIGHTS**

33. By removing this action to this Court, FM does not waive any defenses, objections, or motions available to it under state and federal law, nor does FM concede that NRS has stated any claim upon which relief may be granted.

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

34. Having established the requirements for removal are met for the State Court Action, FM hereby gives notice of its removal.

DATED this 11th day of July, 2022.

                                                   */s/ Howard J. Russell*
Howard J. Russell, Esq.
Ryan T. Gormley, Esq.
WEINBERG, WHEELER, HUDGINS,
  GUNN & DIAL, LLC
6385 South Rainbow Blvd., Suite 400
Las Vegas, NV  89118

Amy M. Churan (*Pro Hac Vice Forthcoming*)
Christina M. Lincoln (*Pro Hac Vice Forthcoming*)
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208

*Attorneys for Defendants*
*Factory Mutual Insurance Company and*
*Affiliated FM Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2022, a true and correct copy of the foregoing **DEFENDANTS FACTORY MUTUAL INSURANCE COMPANY'S AND AFFILIATED FM INSURANCE COMPANY'S NOTICE OF REMOVAL** was electronically served on counsel by email at the addresses below pursuant to Fed. R. Civ. P. 26(a)(1) unless service by another method is stated or noted.

| | |
|---|---|
| J. Randall Jones, Esq.<br>Madison S. Florance, Esq.<br>KEMP JONES, LLP<br>3800 Howard Hughes Parkway, 17th Floor<br>Las Vegas, NV  89169<br>Telephone:  (702) 385-6000<br>Fax:  (702) 385-6001<br>Email: r.jones@kempjones.com;<br>m.florance@kempjones.com | Brian S. Kabateck, Esq.<br>Shant Karnikian, Esq.<br>Gary Partamian, Esq.<br>KABATECK, LLP<br>633 West Fifth Street, Suite 3200<br>Los Angeles, CA  90071<br>Telephone:  (213) 217-5027<br>Fax:  (213) 217-5010<br>Email:bsk@bklawyers.com;<br>sk@bklawyers.com; gp@bklawyers.com |

*/s/ Julie Richards*
An employee of WEINBERG, WHEELER, HUDGINS GUNN & DIAL, LLC

13

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nevada Restaurant Services, Inc. dba Dotty's, a Nevada corporation

## DEFENDANTS
Factory Mutual Insurance Company dba FM Global, a Rhode Island corporation, et al.

**(b)** County of Residence of First Listed Plaintiff: Clark County, NV
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Providence County, RI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J. Randall Jones (702) 385-6000
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, NV 89169

Brian S. Kabateck (213) 217-5027
KABATECK, LLP
633 West Fifth Street, Suite 3200
Los Angeles, CA 90071

Attorneys *(If Known)*
Howard J. Russell / Ryan T. Gormley (702) 938-3838
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL
6385 S. Rainbow Blvd., Suite 400, Las Vegas, NV 89118

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [X] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*　Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [X] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause: First-party insurance coverage dispute.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes　[ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____　DOCKET NUMBER _____

DATE: July 11, 2022

SIGNATURE OF ATTORNEY OF RECORD: /s/ Howard J. Russell

**FOR OFFICE USE ONLY**

RECEIPT # _____　AMOUNT _____　APPLYING IFP _____　JUDGE _____　MAG. JUDGE _____