UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

NEVADA RESTAURANT SERVICES, INC. doing business as Dotty's,

Plaintiff,

v.

FACTORY MUTUAL INSURANCE COMPANY, et al.,

Defendants.

Case No. 2:22-cv-01104-RFB-VCF

**ORDER**

## I. INTRODUCTION

Before the Court are four motions: Defendant Factory Mutual Insurance Company's ("FM") Motion to Dismiss (ECF No. 8), Defendant Jefferey Zebarth's Motion to Dismiss (ECF No. 9), Defendant Patrick Langin's Motion to Dismiss (ECF No. 10), and Plaintiff Nevada Restaurant Services, Inc.'s Motion to Remand (ECF No. 21).

For the foregoing reasons, Plaintiff's motion to remand is denied, Defendant FM's motion to dismiss is denied, and Defendants Zebarth and Langin's motions to dismiss are granted.

## II. PROCEDURAL BACKGROUND

Plaintiff filed its Complaint in state court on May 31, 2022. ECF No. 1-1. The Complaint alleges three causes of action[1] against Defendants FM and Affiliated FM Insurance Company ("AFM") and one cause of action against Defendants Zebarth and Langin for negligent

[1] The causes of action include breach of contract (first cause action), contractual breach of implied covenant of good faith and fair dealing (second cause action), and tortious breach of implied covenant of good faith and fair dealing (third cause of action).

misrepresentation. Id. Defendants FM and AFM were served on June 10, 2022. Defendant Zebarth was served on June 6, 2022, and Defendant Langin was served on June 7, 2022. ECF No. 1. On July 11, 2022, Defendants FM and AFM filed a petition for removal of the matter from the Eighth Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada. Id. Plaintiff is a Nevada corporation and has its principal place of business in Nevada. Defendants FM and AFM are Rhode Island corporations that have their principal place of business in Rhode Island as well. Defendants Zebarth and Langin are citizens of Nevada. Id.

On July 18, 2022, Defendants FM, Langin, and Zebarth filed the instant Motions to Dismiss Plaintiff's Complaint. ECF Nos. 8, 9, 10. Plaintiff opposed Defendant Zebarth and Langin's Motions to Dismiss on August 15, 2022, and the parties stipulated to dismiss Defendant FM without prejudice on August 22, 2022. ECF Nos. 26, 27, 32. Defendants filed replies on August 29, 2022. ECF Nos. 34, 35.

Plaintiff filed the instant Motion to Remand on August 10, 2022. ECF No. 21. Defendant AFM responded on August 24, 2022. ECF No. 33. Plaintiff replied on August 31, 2022. ECF No. 38. The parties stipulated to stay discovery until the Court resolved Plaintiff's pending Motion to Remand. ECF No. 36. Magistrate Judge Cam Ferenbach granted the stipulation. ECF No. 37.

On February 10, 2023, a motion hearing was held regarding the Motion to Remand. ECF Nos. 40, 43. That same day, the Court concluded that a separate motion hearing on the pending motions to dismiss was not necessary. ECF No. 43.

This Order follows.

## III. FACTUAL ALLEGATIONS

The Complaint alleges the following facts. Defendants FM and AFM issued a commercial property insurance policy, Policy No. SHO82 ("the Policy"), to Plaintiff. The Policy insures Plaintiff against the risk of losses in connection with the loss at Plaintiff's property located at 2700 South Casino Drive, Laughlin, NV ("Property"). The Policy was in effect from August 8, 2018, to August 8, 2019. The Policy is an "all risk" policy which covers all risk of physical loss or damage to Plaintiff's Property. Plaintiff's Property operates as the Laughlin River Lodge Hotel & Casino.

On August 11, 2018, while the Policy was in full force and effect, Plaintiff's Property was severely damaged because of a windstorm (the "Loss"). On or about August 11, 2018, Plaintiff filed a claim with Defendants FM and AFM for the damage to the Property arising out of the Loss ("Claim").

To date, Defendants FM and AFM have failed to (1) pay all benefits for Plaintiff's Loss resulting from the windstorm, (2) conduct an adequate investigation, and (3) have relied upon the opinions of individuals who lack the expertise, training, or qualifications to render those opinions in their delay and failure to pay the Claim. Further, Defendants Zebarth and Langin were tasked with making findings about Plaintiff's Claim by investigating Plaintiff's Loss under the Policy and reporting their findings to the other Defendants. Defendants Zebarth and Langin knew, or should have known, that their findings would have a direct effect on whether and how much Plaintiff would recover benefits under the Policy.

## IV. MOTION TO REMAND, ECF No. 21

The Court first addresses Plaintiff's motion to remand.

### a. Legal Standard

Under 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). When original jurisdiction exists under either 28 U.S.C. § 1331 or § 1332 but the matter was filed in a state court, the matter may be removed to federal district court. 28 U.S.C. § 1441(b). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," however "the case shall be remanded." 28 U.S.C. § 1447(c).

Proper jurisdiction under Section 1332 requires complete diversity, so each plaintiff must be diverse from each defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." Gaus v.

Miles, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted). "Th[is] strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

**b. Discussion**

Defendants argue that there is complete diversity in this action because Defendants Zebarth and Langin, both domiciled in Nevada, are fraudulently joined defendants. This is because Plaintiff cannot sufficiently allege all the elements of negligent misrepresentation. Additionally, Plaintiff's claim is barred by the agency immunity rule and the economic loss rule. The claim is also impermissibly duplicative of its claims against Defendant AFM under Nevada law. Separately, Plaintiff cannot recover for negligent misrepresentation against Langin because the claim is barred by the statute of limitations. Finally, Plaintiff's claim for negligent misrepresentation against Zebarth is further precluded by Restatement of Torts § 552 (i.e., Nevada law). Plaintiff rejects each of these arguments, contending that Defendants Zebarth and Langin are not fraudulently joined, as Plaintiff has sufficiently pled and established a cause of action for negligent misrepresentation against these Defendants. The Court agrees with Defendants and finds that there is fraudulent joinder in this action.

"There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." GranCare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (quotations omitted). "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336 (9th Cir. 1987). On the other hand, "[i]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." GranCare, 889 F.3d at 548. Fraudulent joinder must be proven by "clear and convincing evidence." Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Defendant AFM does not argue that Plaintiff has perpetrated actual fraud in the pleading of jurisdictional facts. Rather, Defendant AFM contends that there is no possibility

that a state court could find that the Complaint states a cause of action for negligent misrepresentation.

"If a plaintiff's complaint can withstand a Rule 12(b)(6) motion with respect to a particular defendant, it necessarily follows that the defendant has not been fraudulently joined." Grancare, 889 F.3d at 550. That said, even a failure to state a claim under Rule 12(b)(6) does not necessarily mean that a plaintiff fraudulently joined a defendant. Id. at 549. In such instances, the district court must consider "whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. Finally, when deciding a remand motion where fraudulent joinder is alleged, a court must evaluate the facts alleged in the light most favorable to the plaintiff, resolving all contested issues of fact in favor of the plaintiff. See Albi v. St. & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944); see also Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003).

To state a claim for negligent misrepresentation under the settled rules of Nevada, a plaintiff must allege that Defendants (1) "in the course of [their] business, profession or employment, or in any other action in which [they] have a pecuniary interest, [(2)] supplie[d] false information [(3)] for the guidance of others in their business transactions" and (4) caused pecuniary loss (5) by the plaintiff's "justifiable reliance upon the information," (6) if Defendants "fail[ed] to exercise reasonable care or competence in obtaining or communicating the information." Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1387 (Nev. 1998). Courts in the Ninth Circuit have held that claims for negligent misrepresentation must meet Rule 9(b)'s particularity requirements. See, e.g., Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc., 460 F. Supp. 2d 1222, 1244 (D. Nev. 2006); HM Hotel Properties v. Peerless Indem. Ins. Co., 874 F. Supp. 2d 850, 854 (D. Ariz. 2012). Under Rule 9(b), a plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This means a plaintiff must allege "the who, what, when, where, and how of the misconduct charged," including "what is false or misleading about a statement, and why it is false." Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010).

Even viewing the factual allegations in Plaintiff's favor, the Court finds that Plaintiff has failed to sufficiently plead two of the elements necessary for a claim of negligent

misrepresentation. First, the Complaint fails to adequately plead that its alleged injury was caused by actual reliance on Defendants Zebarth and Langin's representations. Specifically, there are no allegations in the Complaint indicating any course of conduct Plaintiff took in reliance on any alleged misrepresentation by Zebarth or Langin. Second, while Plaintiff also alleges that Zebarth and Langin made negligent misrepresentations to AFM, Plaintiff cannot recover for any misrepresentations made to a third party. Plaintiff may only base a claim on misrepresentations made directly to it—not a third party—and upon which it relied. See Bill Stremmel Motors, Inc. v. First Nat. Bank of Nevada, 575 P.2d 938, 940 (Nev. 1978) (prevailing on a claim for negligent misrepresentation requires reliance).

Finally, the Complaint fails to adequately allege that Plaintiff suffered a pecuniary loss or damages from any alleged misrepresentations made by Defendants Zebarth and Langin separate from the loss alleged against Defendants FM and AFM for their failure to pay under the Policy. It alleges that Plaintiff was damaged by Defendants Zebarth and Langin's misrepresentations because the misrepresentations led to: bad faith conduct by Plaintiff's insurers, denial of coverage, underpayment of their claim, or delay of payment of all claims, without proper cause by Defendants FM and AFM. The Court finds that these pleadings fail to allege facts supporting any inference that Plaintiff suffered pecuniary loss separate and distinct from the pecuniary loss alleged against Defendants FM and AFM. See Reynolds v. Tufenkjian, 461 P.3d 147, 153 (Nev. 2020) ("negligent misrepresentation claims in Nevada only arise out of pecuniary loss"). During the February 10, 2023 motion hearing, Plaintiff's counsel conceded that it was not alleging any pecuniary loss for Defendants Zebarth and Langin's alleged misrepresentations that were separate and distinct from the loss alleged against Defendants FM and AFM (i.e., under payment or non-payment of the Policy, or both). The Court finds that on the facts alleged, Plaintiff is not seeking separate damages for reliance on any representations made by Defendants Zebarth and Langin. Accordingly, even if granted leave to amend, a state court would find on facts that could be alleged in this action that Plaintiff fails state a clam for negligent misrepresentation against Defendants Zebarth and Langin according to settled Nevada law. See Grancare, 889 F.3d at 550. Therefore, the Court finds that joinder of Defendants Zebarth and Langin was improper.

The Court thus concludes that Defendants have met their burden to show by clear and convincing evidence that Defendants Zebarth and Langin were fraudulently joined, and that removal was proper.[2]

## V. MOTIONS TO DISMISS, ECF Nos. 8, 9, 10

The Court now addresses Defendants' motions to dismiss Plaintiff's Complaint.

### a. Legal Standard

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### b. Defendant Factory Mutual Insurance Company's Motion to Dismiss, ECF No. 8

The Court denies this motion as moot. Defendant FM moved to dismiss the first, second,

[2] Accordingly, the Court need not address Defendants' other arguments.

and third causes of action in Plaintiff's Complaint with prejudice. The Court granted the parties' stipulation to dismiss Defendant FM from this action without prejudice. See ECF No. 32.

Therefore, this motion is denied as moot.

**c. Defendants Jefferey Zebarth and Patrick Langin's Motions to Dismiss, ECF Nos. 9, 10**

The parties raise similar arguments regarding the motions to dismiss as they do regarding the motion to remand. The Court incorporates by reference its motion to remand analysis to Defendants Zebarth and Langin's Motions to Dismiss. Here, the Court finds that the Complaint fails to state a plausible negligent misrepresentation claim against Defendants, including that Plaintiff actually relied on any representations made by Defendants Zebarth and Langin or that Plaintiff suffered any pecuniary loss separate and distinct from any loss alleged against Defendants FM and AFM.

Under Rule 15(a) leave to amend is to be "freely given when justice so requires." In general, amendment should be allowed with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001). If factors such as undue delay, bad faith, dilatory motive, undue prejudice or futility of amendment are present, leave to amend may properly be denied in the district court's discretion. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir.2003).

At this stage, the Court does not find that there is a proper basis for granting Plaintiff leave to amend the Complaint. Accordingly, Plaintiff's request is denied.

## VI. CONCLUSION

**IT IS ORDERED** that Defendant's Factory Mutual Insurance Company Motion to Dismiss (ECF No. 8) is DENIED as moot.

**IT IS FURTHER ORDERED** that Defendant Jefferey Zebarth's Motion to Dismiss (ECF No. 9) is GRANTED. Defendant Jefferey Zebarth is dismissed from this action.

**IT IS FURTHER ORDERED** that Defendant Patrick Langin's Motion to Dismiss (ECF No. 10) is GRANTED. Defendant Patrick Langin is dismissed from this action.

**IT IS FURTHER ORDERED** that Nevada Restaurant Services, Inc.'s Motion to Remand (ECF No. 21) is DENIED.

**DATED:** March 20, 2023

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**