J. Randall Jones, Esq. (Bar #1927)
r.jones@kempjones.com
Mona Kaveh, Esq. (Bar # 11825)
m.kaveh@kempjones.com
Madison S. Florance, Esq. (Bar #14229)
m.florance@kempjones.com
KEMP JONES, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Fax: (702) 385-6001

Shant Karnikian (*Pro Hac Vice*)
 sk@kbklawyers.com
Gary Partamian (*Pro Hac Vice*)
 gp@kbklawyers.com
KABATECK, LLP
633 West Fifth Street, Suite 3200
Los Angeles, California 90071
Telephone: (213) 217-5027
Fax: (213) 217-5010

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA RESTAURANT SERVICES, INC., DBA DOTTY'S, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FACTORY MUTUAL INSURANCE COMPANY, dba FM GLOBAL, a Rhode Island corporation; AFFILIATED FM INSURANCE COMPANY; a Rhode Island Corporation; JEFFEREY ZEBARTH, an individual; PATRICK LANGIN, an individual; DOES I through X; and ROE Business Entities I through X,<br><br>Defendants. | Case No.: 2:22-cv-01104-RFB-VCF<br><br>**JOINT [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]** |

1
JOINT RULE 26(f) REPORT

Plaintiff Nevada Restaurant Services, Inc. ("Plaintiff"), by and through its counsel of record, the law firms of Kemp Jones, LLP and Kabateck LLP, and Defendant Affiliated FM Insurance Company ("Defendant Affiliated FM"), by and through its counsel of record, the law firms of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC and Robins Kaplan LLP, submit this Joint Discovery Plan and Scheduling Order [Special Scheduling Review Requested] pursuant to LR 26-1(b) and Federal Rule of Civil Procedure 26(f).

On April 24, 2023, Madison Florance of Kemp Jones, LLP, with Shant Karnikian and Gary Partamian of Kabateck LLP, counsel for Plaintiff; and Howard Russell of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, with Christina Lincoln and Alexandra Fernandez of Robins Kaplan LLP, counsel for Defendant Affiliated FM, participated telephonically in a discovery and scheduling conference. Based on the conference, the parties are in general agreement regarding the discovery protocol and differences of opinion between the parties are stated below. Nothing stated herein shall be deemed an admission by any party, and this submission shall not be admissible in any subsequent hearing or trial in this or any other litigation.

## I.   PROPOSED DISCOVERY PLAN

### A.   Discovery Cut-off Date.

Defendant Affiliated FM first appeared in this action on July 11, 2022. Shortly thereafter, Defendants filed motions to dismiss, and Plaintiff filed a motion to remand. The parties stipulated to stay discovery until the Court ruled on Plaintiff's motion to remand, and the Court entered an order granting the stay. ECF No. 37. On March 20, 2023, the Court ruled on the motions to dismiss and motion to remand. ECF No. 44. The Parties conducted their Rule 26(f) Conference on April 24, 2023, and have agreed on a twelve-month discovery period from the date the parties intend to file this discovery plan. Therefore, the parties request a discovery cut-off date of **Tuesday, May 8, 2024**.

The Parties believe that additional time for discovery is necessary for the following reasons: (1) the complex nature of the claims asserted in this matter, which will likely warrant significant discovery; (2) the voluminous documents that will be produced by each side during the course of discovery, (3) the retention of numerous experts by each party; (4) the anticipated need to serve subpoenas on multiple third-parties for documents and depositions; and (5) any further impact on

discovery that has been and will be caused by the holidays and the Parties' and Counsel's varying unavailability during that time period.

**B.     Amending the Pleadings and Adding Parties**

The Parties request the date for filing motions to amend the pleadings or to add parties be no later than **Thursday, February 8, 2024** - 90 days prior to the proposed discovery cut-off date.

**C.     Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**

The Parties request the following expert disclosure schedule:

Plaintiff's disclosure of experts be made on or before **Thursday, February 8, 2024**, 90 days prior to the proposed discovery cutoff date.

Defendant Affiliated FM's expert disclosures be made on or before **Monday, March 11, 2024** – 30 days after Plaintiff's initial disclosure of experts.

Plaintiff's rebuttal expert disclosures, including those of Plaintiff's rebuttal experts, if any, shall be disclosed 30 days after Defendant Affiliated FM's expert disclosures, and therefore, not later than **Wednesday, April 10, 2024**.

**D.     Dispositive Motions**

The Parties shall file dispositive motions 30 days after the discovery cut-off date, and therefore, not later than **Friday, June 7, 2024**.

**E.     Pretrial Order**

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed 30 days after the date set for dispositive motions, and therefore, not later than **Monday, July 8, 2024**. If dispositive motions are filed, the filing of the Joint Pretrial Order will be suspended 30 days after the Court's decision on the dispositive motions or further court order.

**F.     Fed R. Civ. P. 26(a)(3) Disclosures**

The Parties have agreed that the disclosures required by Federal Rule of Civil Procedure 26(a)(3) (pretrial disclosures), and any objection thereto, will be included in the Pretrial Order. No changes are necessary in the form or requirement for disclosures under Federal Rule of Civil Procedure 26(a).

/ / /

**G.   Alternative Dispute Resolution**

The Parties certify pursuant to LR 26-1(b)(7) that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. At this time, the Parties believe that some basic discovery must be completed before initiating settlement talks.

**H.   Alternative Forms of Case Disposition**

The parties certify pursuant to LR 26-1(b)(8) that they considered and declined to consent to trial by magistrate under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 63 and the use of the Short Trial Program.

**I.   Electronic Evidence**

The Parties certify that they met and conferred regarding the use of electronic evidence and presenting the same at trial. They will present evidence in a format that will be compatible with the Court's evidence display system, with each party responsible for preparing their respective exhibits to comply.

**J.   Additional Discovery Issues or Changes Needed, Pursuant to Fed. R. Civ. P. 26(f)(3)**

Pursuant to Federal Rule of Civil Procedure 26(f)(3), the Parties' additional views and proposals on additional discovery matters are as follows:

   **1.   Extensions or Modifications of the Discovery Plan and Scheduling Order**

Requests to extend deadlines must comply fully with LR 26-3.

   **2.   Initial Disclosures**

Pursuant to Rule 26(a)(1), the Parties intend to comply with its disclosure obligations, but will need an additional 10 days from the date of the Parties' Rule 26(f) Conference, which was held on April 24, 2023. Thus, the Parties agree to provide initial disclosures no later than **Wednesday, May 17, 2023**.

   **3.   Discovery Subjects and Phases**

   a.   Plaintiff's Position

It is Plaintiff's position that discovery subjects include, but are not limited to, (1) insurance claim files and notes, (2) insurance investigation files and notes, (3) correspondences between Defendant and any third parties regarding the claim, (4) Defendant's and any of their consultants' claims handling manuals and protocols, (5) Defendant's and any of their consultants' adjuster training manuals and protocols, (6) agreements/contracts between Defendant and any third parties involved in the claims process, (7) attorney files, to the extent attorneys acted as adjusters and/or made claims decisions, and (8) the files of third party consultants and contractors. It is Plaintiff's position that discovery relating to liability, causation, damages and punitive damages should all be conducted at the same time, as sufficient time is needed to submit discovery requests on both compensatory and punitive damages, obtain responses, compel any deficient responses, retain experts (on both compensatory and punitive damages), and conduct depositions before the discovery cut-off date.

        b.   Defendant's Position

It is Defendant Affiliated FM's position that discovery may be needed on liability, causation, and damages. Defendant takes the position that any discovery relating to Plaintiff's claim for punitive damages should be bifurcated from the rest of discovery and postponed until thirty days before trial. Defendant disputes the necessity of subjects identified by Plaintiff, including Defendant's manuals, protocols, agreements/contracts between Defendant's and third-parties involved in the claims process, and attorney files.

### 4. Electronic Evidence

The Parties do not anticipate discovery issues at this time and do not foresee any issues arising from the disclosure of electronically stored information and will work together to resolve any future issues.

The Parties agree to serve discovery requests, discovery responses, and disclosures via electronic mail. The parties reserve the right to amend this plan either through stipulation or motion.

The Parties anticipate submitting a Stipulated Proposed ESI Protocol to govern the exchange and disclosure of ESI in this case.

### 5. Preservation of Discoverable Information

The Parties do not foresee any issues with the preservation of discoverable information.

**6. Privilege and Protection of Trial Preparation Materials**

The Parties agree to provide privilege logs for any and all documents withheld and/or redacted from the production of documents. The Parties anticipate production of confidential, proprietary, and/or financial information during the tendency of this action, and thus, the Parties anticipate submitting a stipulated protective order to be entered by the court to govern use and disclosure of such information.

**7. Changes in Limitations on Discovery, or other Limitations Imposed**

The Parties have no changes in discovery limitations at this time.

**8. Other Orders of the Court**

None at this time.

DATED: May 15, 2023                                   DATED: May 15, 2023


/s/ Mona Kaveh                                         /s/ Alexandra Fernandez
KEMP JONES, LLP                                        WEINBERG, WHEELER, HUDGINS, GUNN
J. Randall Jones, Esq. (Bar # 1927)                    & DIAL, LLC
Mona Kaveh, Esq. (Bar # 11825)                         Howard J. Russell, Esq. (Bar # 8879)
Madison S. Florance, Esq. (Bar # 14229)                Ryan R. Gormley, Esq. (Bar # 13494)
3800 Howard Hughes Parkway, 17th Floor                 6385 South Rainbow Blvd., Suite 400
Las Vegas, Nevada 89169                                Las Vegas, Nevada 89118

KABATECK, LLP                                          ROBINS KAPLAN LLP
Shant Karnikian, Esq. (*Pro Hac Vice*)                 Amy M. Churan (*Pro Hac Vice*)
Gary Partamian, Esq. (*Pro Hac Vice*)                  Christina M. Lincoln (*Pro Hac Vice*)
633 West Fifth Street, Suite 3200                      Alexandra Fernandez (*Pro Hac Vice*)
Los Angeles, California 90071                          2049 Century Park East, Suite 3400
                                                       Los Angeles, CA 90067-3208
*Attorneys for Nevada Restaurant Services, Inc.*
                                                       *Attorneys for Defendant Affiliated FM Insurance Company*


**IT IS SO ORDERED**:

_____
UNITED STATES ~~DISTRICT~~ JUDGE
                 Magistrate

DATED: 5-23-2023